[Cite as *Byrd v. Ohio Inspector Gen.*, 2022-Ohio-1827.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Houston Byrd, Jr., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 21AP-578 |
| v. | : | (C.P.C. No. 20CV-8271) |
| Ohio Inspector General, | : | (REGULAR CALENDAR) |
| Randall J. Meyer, State of Ohio et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on May 31, 2022

**On brief:** *Houston Byrd, Jr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Iris Jin*, and *Michael A. Walton,* for appellees.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Plaintiff-appellant, Houston Byrd, Jr., appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint against defendants-appellees the Ohio Inspector General, Randall J. Meyer, State of Ohio et al. (collectively "appellees"). For the following reasons we affirm.

**I. Facts and Procedural History**

{¶ 2} On December 23, 2020, appellant filed a complaint in the common pleas court. The caption of the complaint names as defendants "Ohio Inspector General, Randall J. Meyer, State of Ohio, et. al." (Compl. at 1.) The "certificate of mailing" at the bottom of the complaint certifies the complaint was mailed to "the Ohio Inspector General by USPS Certified Mailing Ohio Inspector General, 30 East Broad Street, Ste 2940, Columbus, Ohio

43215." (Compl. at 11.) The complaint is very difficult to decipher—it makes references to the Ohio Inspector General, the Ohio Department of Insurance, and the Ohio Department of Administrative Services and contains copies of correspondences or excerpts of correspondence with these agencies and the Ohio Attorney General.

{¶ 3} On January 22, 2021, appellant filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C).[1]

{¶ 4} On January 26, 2021, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Appellant filed a response in opposition to appellees' motion to dismiss on January 27, 2021. Appellees filed a reply on February 1, 2021.

{¶ 5} Appellees argued the complaint should be dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim as the complaint is difficult to decipher and fails to put them on notice of the action against them. In the alternative, appellees argued the complaint should be dismissed due to lack of subject-matter jurisdiction as only the Court of Claims of Ohio has jurisdiction over civil actions for monetary damages against the state. Appellant responded that he alleged that the Ohio Inspector General failed to perform his duties and in so doing violated his rights. Appellant also contends the trial court had jurisdiction as the Court of Claims does not have jurisdiction to hear constitutional or civil rights claims.

{¶ 6} On October 15, 2021, the trial court granted appellees' motion to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted. The trial court held "[p]laintiff proports to allege that he filed two complaints with Defendant Ohio Inspector General against the Ohio Department of Administrative Services and the Ohio Department of Insurance. Plaintiff alleges that the Defendants violated his constitutional rights and failed to perform its duties. The Court finds that Plaintiff's Complaint fails to set forth allegations in a way sufficient enough to put Defendants on notice of the nature of the action as required by Civ.R. 8(A)." (Decision & Entry at 3.)

---

[1] We note that Civ.R. 12(C) authorizes a party to file a motion for a judgment on the pleadings "[a]*fter the pleadings* are closed but within such time as not to delay the trial." (Emphasis added.) In this case, the pleadings had not been completed and, thus, appellant's motion for judgment on the pleadings was filed prematurely. *See also* Civ.R. 7; 8; and 12. The record indicates that summons was issued and proof of services was issued on December 24, 2020; that service failed certified mail on January 7, 2021; and that service completed certified mail on January 12, 2021.

{¶ 7}   On October 21, 2021, appellant filed an "Objection to October 15, 2021, Order Request for Findings and an En Banc Review by another jurisdiction."[2]   On November 8, 2021, appellant filed a "Notice of Appeal for an En Banc Review."

## II. Assignments of Error

{¶ 8}   Appellant appeals and assigns the following assignments of error for our review:[3]

> ASSIGNMENT ERROR I. Did, the IG comply with ORC § 121.42 and 121.44 Reports of investigations? Did the IG arbitrarily and willfully violate Article II of the Ohio Constitution, ORC §3.07 Misconduct in office - forfeiture, ORC 2921.45 Interfering with civil rights and Public Law 96-303, Code of Ethics for Govemment Service? The IG has three (3) complaints before them. No acknowledgment whether there was an OMISSION or NOT for documented complaints against 1.) Ohio Department of Administrative Services, 2.) Ohio Dental Board, the medical professional ethically admitted to and documented a medical injury; yet, the OIG alleged there was NO OMISSIONs and 3.) Ohio Department of Insurance. The trial court failed to impartially address the non-compliance nor review relevant exhibits before the OIG and Ohio Department of Administrative Services.
>
> ASSIGNMENT OF ERROR II. If, the IG willfully neglected their duties is the State required to provide representations at

---

[2] Civ.R. 52 states: "Findings of fact and conclusions of law required by this rule and by Civ.R. 41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to *Civ.R. 12*, Civ.R. 55 and Civ.R. 56." (Emphasis added.)

[3] In addition to the assignments of error set forth in his merit brief and outlined above, appellant sets forth two additional assignments of error in his reply brief. Appellant avers: "Assignment Error 1. Appellant Byrd unambiguously requested the Appeal be placed on the Accelerated calendar due to many relevant supporting criteria, refer to Appellant Byrd's Docketing Statement. Assignment Error 2. Whether the Appeal was entered on the Accelerated calendar (R. 6, 15-day Response) or a Regular calendar (20-day Response); the Appellees' December 14, 2021, Brief was untimely to be discussed later." (Sic passim.) (Reply Brief at 3.) However, we decline to address these assignments of error. App.R. 16(A)(7) provides that assignments of error shall be argued in the merit brief of the appellant. App.R. 16(C) states that an "appellant may file a brief *in reply to the brief of the appellee.*" (Emphasis added.) Reply briefs are only to be used to rebut arguments raised in an appellee's brief, therefore an appellant may not use a reply brief to raise new issues or assignments of error. *Ostendorf v. Montgomery Cty. Bd. of Commrs.*, 2d Dist. No. 20257, 2004-Ohio-4520; *State v. Wilson*, 5th Dist. No. 13CA39, 2014-Ohio-41; *Capital One Bank (USA), N.A. v. Gordon,* 8th Dist. No. 98953, 2013-Ohio-2095. *See also State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041, ¶ 61 ("neither relators nor respondents raised this issue in their initial briefs; relators are thus forbidden to raise this new argument in their reply brief").

taxpayers' expenses? See, Appellant's January 27, 2021, Objection to Motion to Dismiss, page 4.

ASSGNMENT OF ERROR III. Why isn't this matter in Default?

ASSIGNMENT OF ERROR IV. The trail court's noncompliance to Appellant Byrd's, paid for, petition for an "Outside Independent Judge Review(s) Requested" Visiting Judge a Prejudicial error?

(Sic passim.) We further construe appellant's brief as raising a fifth assignment of error—assigning that the trial court erred in dismissing his complaint. (*See* Appellant's Brief at 4-5.)

## III. Analysis

{¶ 9}  As a preliminary matter, we begin by observing appellant's notation on the front of his brief "en banc review or outside review." At this time, the criteria for en banc review pursuant to App.R. 26(A)(2) has not been met. Therefore, we will not proceed en banc. Furthermore, appellant has set forth no reason to support his request for outside review. Nor has appellant indicated that he pursued the filing of affidavits of disqualification pursuant to R.C. 2501.13, 2701.03, S.Ct.Prac.R. 21.01 through 21.04. Therefore, judges of this court will review this case.

{¶ 10} In the first and second assignments of error, appellant addresses and asks this court to opine regarding the merits of his allegations against appellees and his allegations against the Department of Insurance, Department of Administrative Services, and the Ohio Dental Board. As the trial court dismissed this case, and did not decide any questions involving the merits of the allegations, these assignments of error are not ripe for review and we decline to opine regarding the same in the first instance.

{¶ 11} In the fourth assignment of error, appellant inquires why the trial court did not comply with his request for an outside or visiting judge. Appellant's complaint, motion for judgment on the pleadings, and response to appellees' motion dismiss do not indicate he pursued the filing of affidavits of disqualification pursuant to R.C. 2701.03 and S.Ct. Prac.R. 21.01 through 21.04. Accordingly, the fourth assignment of error is overruled.

{¶ 12} In the third assignment of error, appellant inquires "[w]hy isn't this matter in [d]efault?" Civ.R. 55(A) authorizes judgment by default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Civ.R. 12(A)(1) requires the filing of an answer within 28 days after service of the summons and complaint upon a defendant. However, Civ.R. 12(B) states that a motion making any of the defenses outlined in Civ.R. 12(B), including Civ.R. 12(B)(6) failure to state a claim, shall be made before pleading if a further pleading is permitted. Civ.R. 12(A)(2) states that the service of a motion permitted under Civ.R. 12 "alters these periods of time" as outlined in Civ.R. 12(A)(2). Finally, we note the record indicates that summons was issued and proof of service certified mail receipt was sent on December 24, 2020; that notice of failure of certified mail service was filed on January 7, 2021; and that notice of complete certified mail service was filed on January 12, 2021. Accordingly, the third assignment of error is overruled.

{¶ 13} In the fifth assignment of error, appellant argues the trial court erred in granting appellees' motion to dismiss pursuant to Civ.R. 12(B)(6). A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien* at syllabus. The court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff. *Bullard* at ¶ 10. The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). When reviewing a Civ.R. 12(B)(6) dismissal, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 14} Ohio is a notice pleading state. Pursuant to notice pleading, " '[appellant was] required to allege sufficient facts to give [appellees] notice of [his] claim.' " *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 14AP-645, 2015-Ohio-2493, ¶ 13, quoting *San Allen, Inc. v. Buehrer*, 8th Dist. No. 99786, 2014-Ohio-2071, ¶ 84, referencing *Thatcher v.*

*Lauffer Ravines, L.L.C.*, 10th Dist. No. 11AP-851, 2012-Ohio-6193, ¶ 43-48 ("Although claim was 'not spelled out in the complaint by explicit reference to the appropriate statutory sections,' " the case could nevertheless proceed on the theory that defendant violated various statutory provisions if the allegations in the complaint " 'provided fair notice to the defendants that the action could proceed on this theory.' "). " 'Notice pleading under Civ.R. 8(A)(1) and (E) require that a claim concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." ' " *Wiltz* at ¶ 13, quoting *Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489, ¶ 20, quoting *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 13.

{¶ 15} From his complaint, it appears appellant is alleging that the Ohio Inspector General: (1) committed misconduct in office, (2) interfered with civil rights, and (3) violated Public Law 96-303, by failing to comply with his duties pursuant to R.C. 121.42 and 121.44. Specifically, appellant alleges that:

> The Office has knowingly and willfully violated the Ohio Constitution, there must be penalties pursuant to Ohio Revised Code (ORC) 3.07 Misconduct in office – forfeiture, ORC 2921.45 Interfering with civil rights and Public Law 96-303, Code of Ethics for Government Service.
>
> * * *
>
> There are several Constitutional legal and valid complaints before the Ohio's Inspector General (IG), who has arbitrarily and capriciously refused to file and acknowledge, in particular, our March 23 and August 12, 2020 complaints against the Ohio Department of Insurance and a January 21, 2020 complaint against the Ohio Department of Administrative Services.

(Sic passim.) (Compl. at 1-3.)

{¶ 16} Further, appellant appears to request "reparations," punitive damages pursuant to R.C. 2315.21, and damages pursuant to 42 U.S.C. 1985. (*See* Compl. at 10-11.)

{¶ 17} In addition, the complaint presents many "issues for review" and "questions" regarding the merits of: (1) the allegations against the Ohio Inspector General, and (2) the merits of the complaints appellant allegedly filed with the Ohio Inspector General against the Department of Insurance and the Department of Administrative Services. However,

our review today is limited to whether appellant failed to state a claim and we will not address the merits, issues, and questions which appellant has interspersed within his complaint.

{¶ 18} We find the trial court did not err in dismissing for failure to state a claim the claim that the Inspector General violated Ohio's Public Law 96-303 as it is not clear to which law appellant is referring cited or titled in this manner. Therefore, appellant failed to state a claim.

{¶ 19} We also find the trial court did not err in dismissing for failure to state a claim the broad allegation that the Inspector General violated the Constitution. Appellant refers to "Article II" and "Article II.38." As best we can decipher, it appears appellant is suggesting an impeachment process for the public officials referred to in the complaint for reasons that they allegedly violated R.C. 3.07, 2921.44, 2921.45, and 2921.11. Ohio Constitution, Article II, Section 38 states:

> Laws shall be passed providing for the prompt removal from office, upon complaint and hearing, of all officers, including state officers, judges and members of the general assembly, for any misconduct involving moral turpitude or for other cause provided by law; and this method of removal shall be in addition to impeachment or other method of removal authorized by the constitution.

This provision directs Ohio's General Assembly to pass laws providing for the prompt removal of office of the officers enumerated therein. Therefore, appellant failed to state a claim. We also note that appellant failed to state a claim under R.C. 2921.11 (perjury) and 2921.44 (dereliction of duty). We have observed that "Ohio law does not recognize a private cause of action for 'dereliction of duty.' " (Citation omitted.) *Boddie v. Landers*, 10th Dist. No. 15AP-962, 2016-Ohio-1410, ¶ 10. The perjury claim fails for much the same reason, too, among others. *See Whelan v. Vanderwist of Cincinnati, Inc.*, 11th Dist. No. 2010-G-2999, 2011-Ohio-6844, ¶ 27, citing *Costell, Admr. v. Toledo Hosp.*, 38 Ohio St.3d 221, 223-24 (1988).

{¶ 20} We also find the trial court did not err in dismissing for failure to state a claim the allegation that the Inspector General violated R.C. 3.07. R.C. 3.07 states:

Any person holding office in this state, or in any municipal corporation, county, or subdivision thereof, coming within the official classification in Section 38 of Article II, Ohio Constitution, who willfully and flagrantly exercises authority or power not authorized by law, refuses or willfully neglects to enforce the law or to perform any official duty imposed upon him by law, or is guilty of gross neglect of duty, gross immorality, drunkenness, misfeasance, malfeasance, or nonfeasance is guilty of misconduct in office. *Upon complaint and hearing in the manner provided for in sections 3.07 to 3.10, inclusive*, of the Revised Code, such person shall have judgment of forfeiture of said office with all its emoluments entered thereon against him, creating thereby in said office a vacancy to be filled as prescribed by law. The proceedings provided for in such sections are in addition to impeachment and other methods of removal authorized by law, and such sections do not divest the governor or any other authority of the jurisdiction given in removal proceedings.

(Emphasis added.)  R.C. 3.07 specifically states that the procedures set forth in R.C. 3.07 through 3.10 must be followed.  There is no indication in the complaint that the procedures were followed.  Therefore, appellant failed to state a claim.

{¶ 21} Finally, we find the trial court did not err in dismissing for failure to state a claim the allegation that appellees violated R.C. 2921.45, 42 U.S.C. 1985, and the Fourteenth Amendment of the United States Constitution.  R.C. 2921.45 states:

(A) No public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.

(B) Whoever violates this section is guilty of interfering with civil rights, a misdemeanor of the first degree.

{¶ 22} 42 U.S.C. 1985 states:

(1) Preventing officer from performing duties. If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district or place, where his duties as an officer are required to

be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror. If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or

deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

{¶ 23} The Fourteenth Amendment to the U.S. Constitution, Section 1 states:

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

{¶ 24} Appellant broadly states that:

[He] submits this complaint due to the State's violation of one's guaranteed rights pursuant to the U.S. and Ohio's Constitutions. State governments create state courts through the enactment of statutes or by constitutional provisions for the purpose of enforcing state law. Public officials have specific obligations to taxpayers; therefore, their actions of a few have sullied the confidence of taxpayers. We are submitting this corroborated and legal complaint due to the Ohio Inspector General (OIG), Director Department of Administrative Services (DAS) and other public officials' failure to execute pursuant to Ohio Revised Code 3.07 Misconduct in office – forfeiture and Article II of the Ohio Constitution as late as November 18, 2020.

(Sic passim.) (Compl. at 1.) There is no indication in the complaint which specific constitutional or statutory rights appellant has allegedly been deprived of and the complaint does not set forth operative facts sufficient to discern and for appellees to be placed on notice of the same.[4] Therefore, appellant failed to state a claim.

{¶ 25} Accordingly, the fifth assignment of error is overruled.

---

[4] We note appellant refers to R.C. 121.42 and 121.44; however, these statutes enumerate the duties of appellee Ohio Inspector General, not the rights of appellant.

## IV. Conclusion

{¶ 26} For the reasons stated above, we find appellant's first and second assignments of error not ripe for review and we decline to address them. We overrule appellant's third, fourth, and fifth assignments of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, JAMISON, and NELSON, JJ., concur.

Nelson, J., retired, formerly of the Tenth Appellate District, Assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

———————————