[Cite as *Ohio Neighborhood Preservation Assn. v. Alaura*, 2023-Ohio-1281.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ohio Neighborhood Preservation
Association,
                          :

                          :

        Plaintiff-Appellant,              No. 22AP-347

                          :        (M.C. No. 21EVH-60364)

v.

                          :        (REGULAR CALENDAR)

Joseph Alaura et al.,

                          :

        Defendants-Appellees.

                          :

---

D E C I S I O N

Rendered on April 20, 2023

---

**On brief:** *The Legal Aid Society of Columbus, Benjamin D. Horne, Melissa C. Benson*, and *Thomas N. Pope*; *Allen Stovall Neuman & Ashton LLP*, and *James A. Coutinho*, for appellant. **Argued:** *Thomas N. Pope.*

**On brief:** *Decker Vonau & Carr, LLC, Garrison P. Carr*, and *Christopher S. Vonau*, for appellee Joseph Alaura. **Argued:** *Garrison P. Carr.*

---

APPEAL from the Franklin County Municipal Court

LELAND, J.

{¶ 1} Plaintiff-appellant, Ohio Neighborhood Preservation Association, appeals from a judgment of the Franklin County Municipal Court dismissing its complaint against defendant-appellee Joseph Alaura. For the following reasons, we reverse and remand the decision of the trial court.

## I. Facts and Procedural History

{¶ 2} On August 11, 2021, appellant filed a complaint for abatement of public nuisance, injunction, and receivership against appellee. The complaint alleged the residential property located at 73-75 South Warren Avenue, Columbus ("the property") is a public nuisance "by virtue of being an abandoned, vacant, boarded-up, uninhabitable property with no adequate means of egress." (Compl. at ¶ 1.) Appellant requested an injunction directing appellee to abate the nuisance and return the property to habitability within 30 days, or, in the alternative, to allow an interested party or a qualified receiver to take control of the property and abate the nuisance. Attached to the complaint were four photographs of the property from September 2014 to July 2021 that each show all visible windows and doors boarded up, implying the property was vacant and abandoned over this period of time. The complaint also referenced two reports of 911 calls by a neighbor regarding suspected break-ins at the property and one report by a gunshot detection system of potential gunfire at the property.

{¶ 3} On November 23, 2021, appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Appellant filed a response in opposition to appellee's motion to dismiss on December 8, 2021.

{¶ 4} On May 20, 2022, the trial court granted appellee's motion to dismiss, determining appellant's complaint relied "solely upon the theory that a vacant property alone is legally a public nuisance" and failed to "allege any other nuisance conditions aside from marginal criminal activity." (Decision & Entry at 5.) Finding vacancy insufficient on its own to justify the relief sought, the trial court dismissed the complaint pursuant to Civ.R. 12(B)(6).

## II. Assignment of Error

{¶ 5} On appeal, appellant presents one assignment of error for our review:

> The trial court erred when it granted Defendant's Civil Rule 12(B)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, where Plaintiff alleged sufficient facts to proceed on its claim that Plaintiff's property is a public nuisance pursuant to R.C. 3767.41.

### III. Analysis

{¶ 6}   Under its single assignment of error, appellant asserted the trial court erred in granting appellee's motion to dismiss pursuant to Civ.R. 12(B)(6). Appellant maintains it alleged facts sufficient to state a claim for public nuisance under R.C. 3767.41.

{¶ 7}   A Civ.R. 12(B)(6) motion to dismiss evaluates the sufficiency of the complaint. *E.g.*, *Byrd v. Meyer*, 10th Dist. No. 21AP-578, 2022-Ohio-1827, ¶ 13, citing *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11. "A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Id.*, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Under Ohio law, "[d]ocuments attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." *Manifold & Phalor, Inc. v. Konecranes, Inc.*, 10th Dist. No. 19AP-737, 2020-Ohio-7009, ¶ 10, citing *Cline v. Mtge. Electronic Registration Sys.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 17. A court construing a complaint for failure to state a claim " 'must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.' " *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991), quoting *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). It must also "do substantial justice," Civ.R. 8(F), construing the complaint liberally in order to reach the "substantive merits of the action." *Boyland v. Giant Eagle*, 10th Dist. No. 17AP-133, 2017-Ohio-7335, ¶ 15, citing *MacDonald v. Bernard*, 1 Ohio St.3d 85, 89 (1982), fn. 1. "The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Byrd* at ¶ 13, citing *Morrow v. Reminger & Reminger Co., L.P.A.*, 10th Dist. No. 08AP-925, 2009-Ohio-2665, ¶ 7. We review de novo a judgment granting a Civ.R. 12(B)(6) motion to dismiss. *Id.*

{¶ 8}   Appellant's complaint seeks relief under R.C. 3767.41. That section defines public nuisance as:

> [A] building that is a menace to the public health, welfare, or safety; that is structurally unsafe, unsanitary, or not provided with adequate safe egress; that constitutes a fire hazard, is otherwise dangerous to human life, or is otherwise no longer fit and habitable; or that, in relation to its existing use, constitutes a hazard to the public health, welfare, or safety by reason of

inadequate maintenance, dilapidation, obsolescence, or abandonment.

R.C. 3767.41(A)(2)(a).

{¶ 9} "[I]f a building is alleged to be a public nuisance," the statute then permits a qualified nonprofit corporation to "apply in its complaint for an injunction or other order," such as "the appointment of a receiver." R.C. 3767.41(B)(1)(a). Appellee does not contest appellant's status as a nonprofit corporation with standing to file claims under this statute. Thus, the primary issue before us is whether appellant pled facts sufficient to plausibly allege the property is a public nuisance.

{¶ 10} Ohio is a notice pleading state. *E.g.*, *Byrd* at ¶ 14. Generally, "a party will not be expected to plead a claim with particularity." *Maternal Grandmother v. Hamilton Cty. Dept. of Justice*, 167 Ohio St.3d 390, 2021-Ohio-4096, ¶ 10. *See York* at 144-45 ("[A] plaintiff is not required to prove his or her case at the pleading stage."). Instead, "[a] pleading that sets forth a claim for relief" needs to include only "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). Ohio law does "not require a complaint to contain anything more than *brief and sketchy* allegations of fact to survive a motion to dismiss under the notice pleading rule." (Emphasis added.) *York* at 146 (Moyer, C.J., concurring.); *see Vinicky v. Pristas*, 8th Dist. No. 85701, 2005-Ohio-5196, ¶ 6. The purpose of a notice pleading standard is to provide defendants with " 'fair notice of the nature of the action.' " *Boyland* at ¶ 16, quoting *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 13. Even under a fair notice standard, however, " 'the complaint must allege sufficient underlying facts that relate to and support the alleged claim; the complaint may not simply state legal conclusions.' " *Id.*, quoting *Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489, ¶ 20.

{¶ 11} The trial court dismissed the complaint, concluding it did not contain facts sufficient to claim the property is a public nuisance. Specifically, the trial court held vacancy alone does not satisfy the statutory definition of public nuisance, and appellant's allegations of mere vacancy thus failed to state a claim. The trial court acknowledged, however, the complaint also alleged "marginal criminal activity."

{¶ 12} The alleged criminal activity consisted of two 911 call reports and a gunshot detection system report concerning the property. The complaint insinuated these potential dangers, described as "drug activity, sex trafficking, and gun violence," are the types of harm "invited by vacant and abandoned properties." (Compl. at ¶ 7, 1.) The complaint also attached photographs of the property's boarded-up windows and doors.

{¶ 13} Construing the complaint in appellant's favor and presuming allegations made in the complaint to be true, appellant adequately alleged facts sufficient to state a claim for public nuisance. The alleged criminal activity at the property could conceivably "constitute[] a hazard to the public health, welfare, or safety by reason of abandonment." R.C. 3767.41(A)(2)(a). Additionally, the photographs depicting the property's boarded-up windows and doors may sufficiently state a claim for public nuisance by showing the building is "not provided with adequate safe egress." R.C. 3767.41(A)(2)(a). The evidence of either criminal activity or lack of adequate safe egress provides information sufficient to allege the property is a public nuisance, which is all that R.C. 3767.41(B)(1)(a) requires in order to make a claim for an injunction or the appointment of a receiver.

{¶ 14} The trial court erred in granting appellee's motion to dismiss the complaint. Accordingly, we sustain appellant's sole assignment of error.

## IV. Conclusion

{¶ 15} Based on the foregoing reasons, the trial court erred in granting appellee's motion to dismiss. Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Municipal Court and remand the matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed; cause remanded.*

BOGGS and EDELSTEIN, JJ., concur.

————————