[Cite as *Tonti Homes Corp. v. Siculan*, 2026-Ohio-1983.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tonti Homes Corporation, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-510 |
| v. | : | (C.P.C. No. 20CV-8382) |
| Tom Siculan et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 28, 2026

**On brief:** *Cassone Law Offices, LLC*, and *Michael J. Cassone*, for appellant. **Argued:** *Michael J. Cassone*.

**On brief:** *The Steward Firm*, and *Bryan O. Steward*, for appellees, Jessica Perez Manrique and William Perez Bernal.

**On brief:** *Rhett A. Plank*, for appellee, Valmer Land Title Agency.

**On brief:** *Tom Siculan*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, P.J.

{¶ 1}   Plaintiff-appellant, Tonti Homes Corporation ("Tonti Homes"), appeals the February 14, 2022 decision and entry of the Franklin County Court of Common Pleas. The decision and entry denied Tonti Homes's motion for leave to amend its complaint and granted, in part, a motion to dismiss claims based on the creation of a blind trust between Tonti Homes and defendant-appellee, Tom Siculan. For the following reasons, we reverse the trial court's judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2}   On December 31, 2020, Tonti Homes filed a complaint in the Franklin County Court of Common Pleas against Tom Siculan, Valmer Land Title Agency, Nancy

Delgado, and William Perez Bernal and Jessica Perez Manrique ("the Perezes") (all collectively "the defendants"). In its complaint, Tonti Homes stated that in 1991, it purchased six real estate lots and deeded two of those lots to Tom Siculan as "Trustee of a blind trust." (Dec. 31, 2020 Compl. at ¶ 11.) Tonti Homes further alleged that Siculan acknowledged and affirmed, in a letter from Siculan to Tonti Homes, that he did not own the two lots and that he was "holding the real estate in trust pending completion of annexation proceedings involving this property and other property." (Compl., Ex. C.)

{¶ 3} However, on May 13, 2019, titles to the two lots held in trust by Siculan were transferred by deed, with one lot being sold to the Perezes and one lot being sold to Delgado. Valmar Land Title Agency closed both transactions. On December 31, 2020, Tonti Homes filed a complaint against the defendants, alleging breach of fiduciary duty, conversion, fraud, negligence, promissory estoppel, and unjust enrichment. In its complaint, Tonti Homes sought a declaratory judgment, cancellation of instruments, and specific performance.

{¶ 4} On February 14, 2022, the trial court issued a decision and entry on the various motions of the defendants for a more definite statement, or in the alternative, a motion to dismiss. The motions of the Perezes and Delgado argued that Tonti Homes alleged in its complaint that it established a "blind trust" with Siculan, but did not attach the trust document, and that there is no provision in Ohio that recognizes or provides for a blind trust. (Feb. 14, 2022 Decision & Entry at 2.) The trial court stated that in a November 4, 2021 entry, it "allowed the plaintiff an opportunity to respond to its concerns about blind[] trusts and ordered it to point 'to a specific rule or law that establishes that a "blind trust" is provided for and recognized in Ohio.' " *Id.* Tonti Homes provided an affidavit and additional evidence to support its claim; however, the trial court stated that it could not rely on evidence outside the complaint in considering relief under Civ.R. 12(B)(6) and, therefore, would not consider this additional evidence. Ultimately, the trial court found that Tonti Homes could not prevail on its claims based on the creation of a blind trust, as alleged in its complaint, and granted the dismissal of the claims based on the creation of a blind trust. The trial court also denied Tonti Homes's motion to amend its complaint to address allegations that the court deems not sufficiently plead and granted Tonti Homes's motion to amend its complaint of conversion.

{¶ 5} On February 24, 2022, Tonti Homes filed an amended complaint, which named only Siculan as a defendant, and which contained claims for breach of fiduciary duty, conversion, fraud, cancellation of instruments, declaratory relief, specific performance, promissory estoppel, and unjust enrichment.

{¶ 6} On March 14, 2022, Tonti Homes appealed the trial court's February 14, 2022 decision and entry to this court. On September 1, 2022, this court dismissed Tonti Homes's appeal due to lack of jurisdiction, as the February 14, 2022 decision and entry was not a final, appealable order because "one claim and one party have not been dismissed: the conversion claim against defendant Siculan." *Tonti Homes Corp. v. Siculan*, 2022-Ohio-3067, ¶ 8 (10th Dist.).

{¶ 7} Following this court's decision, Tonti Homes engaged in settlement negotiations with Delgado and Valmer Land Title Agency. On October 23, 2024, the trial court magistrate issued a report that Tonti Homes and Delgado had reached an agreement settling Tonti Homes's claims against Delgado. On January 14, 2025, the trial court issued an agreed dismissal entry, dismissing the claims against Delgado and Valmer Land Title Agency.

{¶ 8} On May 20, 2025, the trial court issued an order to show cause why the claims remaining in the case should not be dismissed with prejudice. On June 3, 2025, Tonti Homes filed a notice of dismissal without prejudice of their conversion claim, the last remaining claim, against Siculan. In the notice of dismissal, Tonti Homes stated that "[a]ll other claims have been dismissed by the Court in its 14 February 2022 Decision and Entry, or settled as per the Agreed Dismissal Entry filed 14 January 2025. There being no more claims before the trial court, the matter is now a final-appealable order ripe for appeal." (Pl.'s Notice of Dismissal Without Prejudice at 1.)

{¶ 9} Tonti Homes, again, appeals the trial court's February 14, 2022 decision and entry.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Tonti Homes argues the following assignments of error:

> 1. The trial court erred as a matter of law in granting dismissal pursuant to Civ.R. 12(B)(6) by its failure to recognize the facts plead sufficiently alleged the creation of a trust.

2. The trial court erred by refusing to allow Plaintiff-Appellant Leave to Amend its Complaint.

## III.  ANALYSIS

### A.  Assignment of error No. 1

{¶ 11}  In its first assignment of error, Tonti Homes argues that the trial court erred as a matter of law by granting dismissal when the facts pled in the complaint sufficiently allege the creation of a trust.  Tonti Homes further argues that the trial court's dismissal of its claims under Civ.R. 12(B)(6) "must be reversed if [its] Complaint alleges a set of facts which, when presumed true, sufficiently allege the creation of a trust pursuant to the Ohio Trust Code and Common Law."  (Appellant's brief at 10.)  We agree.

{¶ 12}  Pursuant to Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), the trial court must construe the complaint in a light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief.  *Clark v. Grange Ins.*, 2025-Ohio-3243, ¶ 7 (10th Dist.).  When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo.  *Foreman v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2793, ¶ 9 (10th Dist.).

{¶ 13}  Here, the trial court found that Tonti Homes could not

> prevail on its claims based on the creation of a blind trust between it and Siculan as alleged in its complaint. As already stated, this Court cannot find any case law, rule, or statute that recognizes, let alone provides for, the creation of "blind trusts" in Ohio and the Ethics Commission has advised there is "no provision in Ohio that recognizes or provides for the creation of 'blind trusts.' "
>
> . . .
>
> Accordingly, accepting the claims in the plaintiff's complaint as true, the Court can only conclude that the plaintiff's claims

> based on the creation of a "blind trust" between it and Siculan fail to state a claim upon which relief can be granted.

(Decision & Entry at 4-5.)

{¶ 14} Ohio is a notice pleading state. *Ohio Neighborhood Preservation Assn. v. Alaura*, 2023-Ohio-1281, ¶ 10 (10th Dist.). "The purpose of a notice pleading standard is to provide defendants with ' "fair notice of the nature of the action." ' " *Id.*, quoting *Boyland v. Giant Eagle*, 2017-Ohio-7335, ¶ 16 (10th Dist.), quoting *Ford v. Brooks*, 2012-Ohio-943, ¶ 13 (10th Dist.). "[A] plaintiff is not required to prove his or her case at the pleading stage." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145 (1991). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Id.* "[I]n general a Civ.R. 12(B)(6) motion is viewed with disfavor, rarely granted and reserved for those rare cases that cannot possibly succeed." *Alexander Local School Dist. Bd. of Edn. v. Albany*, 2017-Ohio-8704, ¶ 51 (4th Dist.).

{¶ 15} While the trial court focused on Tonti Homes's use of the term "blind trust," we do not agree that Tonti Homes failed to state a set of facts that would allow it to recover, as the alleged facts, if true, indicate the formation of a trust. We look to the Supreme Court of Ohio's guidance on trusts in *Pack v. Osborn,* 117 Ohio St.3d 14 (2008). Therein, the Supreme Court stated

> a "trust" is defined as " 'the right, enforceable in equity, to the beneficial enjoyment of property, the legal title to which is in another.' " *In re Guardianship of Lombardo*[, 1999-Ohio-132, ¶ 14], quoting *Ulmer v. Fulton* [], 129 Ohio St. 323, 339 [(1935)]. . . . The beneficiary is said to have the equitable interest in the trust, whereas the trustee has the legal interest. Restatement of the Law 2d, Trusts (1959), Section 2, comment f.

*Id.* at 16.

{¶ 16} Further, the Supreme Court has outlined the requirements for the formation of a trust, stating that

> "[w]hile its elements have been variously stated to constitute an express trust there must be an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created, accompanied with an intention to create a trust, followed by an actual conveyance or

> transfer of lawful, definite property or estate or interest, made by a person capable of making a transfer thereof, for a definite term, vesting the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust or purpose to which the trust fund is to be applied; or a retention of title by the owner under circumstances which clearly and unequivocally disclose an intent to hold for the use of another."

*Ulmer v. Fulton*, 129 Ohio St. 323, 339 (1935), quoting 65 C.J. 231, Section 21.

{¶ 17} We now examine the complaint, in a light most favorable to Tonti Homes, and find it alleges a set of facts that could allow Tonti Homes to obtain relief. Tonti Homes, in its complaint along with the attached exhibits, has pled sufficient facts to indicate the formation of a trust. Notably, Tonti Homes submitted a letter from Siculan wherein he stated that "I am not the owner of the property shown in the deed, copy attached; that I am holding the real estate in trust pending completion of annexation proceedings involving this property and other property." (Compl., Ex. C.) Tonti Homes also submitted warranty deeds with Siculan designated as trustee and a purchase contract which deeded the lots to "Thomas Siculan, Trustee." (Compl., Exs. A & B.) Whether Tonti Homes used the term "blind trust" is inapposite to our analysis of whether a trust was alleged for the purpose of surviving a motion to dismiss. We do not agree with the trial court's determination that Tonti Homes can prove no set of facts consistent with its complaint entitling it to relief.

{¶ 18} Accordingly, we sustain Tonti Homes's first assignment of error.

**B. Assignment of error No. 2**

{¶ 19} In its second assignment of error, Tonti Homes argued that the trial court erred in denying Tonti Homes's motion for leave to amend its original complaint. Tonti Homes presents this assignment of error as an alternative avenue to relief should this court find that the trial court did not err in granting the defendants' motion to dismiss. (Appellant's Brief at 17.) Since we have determined that the trial court did so err, we decline to address Tonti Homes's second assignment of error, as it is moot.

**IV. CONCLUSION**

{¶ 20} Having sustained Tonti Homes's first assignment of error and found the second assignment of error moot, we reverse the decision of the Franklin County Court of Common Pleas. We remand this case to that court for proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and MENTEL, JJ., concur.

————————————