THE STATE, EX REL. LIPSON, *v.* HUNTER ET AL.

[Cite as State, ex rel. Lipson, v. Hunter, 8 Ohio App. 2d 202.]

(No. 9632—Decided December 1, 1964.)

*Messrs. Tyler, Kane & Rubin* and *Messrs. Aronoff, Rosen & Lerner,* for relator.

*Mr. William A. McClain* and *Mr. Philip S. Olinger,* for respondents.

*Messrs. Hoover, Beall & Eichel,* for village of Amberley.

HOVER, P. J.   Relator, by an amended petition, prays for a writ of mandamus against defendants, Donald F. Hunter, Building Commissioner of the city of Cincinnati, and against the city of Cincinnati, directing respondent Hunter to issue a building permit for structures proposed to be erected by relator on land owned by him in the city of Cincinnati; and, as a prerequisite to the issuance of such permit, that the respondent city, through its proper and customary officials and procedures, grant permission for the use of a sanitary sewer located on and across relator's property.

The answer of the respondents substantially admits all of the necessary allegations of the relator's amended petition, but claims that the sanitary sewer in question is owned by the village of Amberley, an adjoining municipal corporation, thereby precluding respondents from issuing a required sewer permit as a necessary prerequisite to the issuance of a building permit.

In support of its position, respondents cite Section 1121 (e) of its Code of Ordinances, which provides, in effect, that an applicant shall obtain a sewer permit from either the city or the county sewer department for the installation of an adequate building sewer, such as the one with which we are here concerned.   It is admitted by all parties that the county is not involved in the instant problem.

Pertinent facts alleged in the amended petition and in the answer of the respondents are admitted by the parties.

The parties admit that the sewer line in question is, to all intents and purposes, a public sewer and that it was constructed by the village of Amberley.   The parties admit also that the sewer is constructed across the property upon which the relator proposes to construct his building or buildings.   The parties admit further the existence of a document of record wherein, at the time the sewer was constructed, the village of Amberley obtained an easement of record for such construction from the predecessors in interest of the relator.   A consideration for the granting

of such easement was "that the grantors, their heirs, successors and assigns, shall have the right and privilege to tap into and use the sewer to be built and maintain [*sic*] over the lands of the grantors located in Cincinnati, Hamilton County, Ohio."

Under the circumstances, it becomes apparent that the village of Amberley, by virtue of such covenant, has already granted to the relator the right and privilege to tap into and use the sewer.

Accordingly, it is the opinion of this court as it appears from the pleadings and the admitted facts herein, that the respondents, Hunter, building commissioner, and the city of Cincinnati, have a clear and positive duty to accept and pass upon relator's application for a building permit, together with its attendant permission for a sewer tap in precisely the same manner as would be done if the sewer line in question had not been constructed by the village of Amberley and that relator having applied for a building permit, which application is by admission valid and unobjectionable in all other respects, is entitled to the writ prayed for.

*Writ allowed.*

HILDEBRANT and LONG, JJ., concur.