[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Estate of Fleenor v. Ottawa Cty.*, Slip Opinion No. 2022-Ohio-3581.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3581

ESTATE OF FLEENOR, APPELLEE, *v*. OTTAWA COUNTY, D.B.A OTTAWA COUNTY RIVERVIEW NURSING HOME, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Estate of Fleenor v. Ottawa Cty.*, Slip Opinion No. 2022-Ohio-3581.]**

*R.C. 301.22 and 305.12—An unchartered county is not sui juris and therefore must be sued in the name of its board of commissioners—Cause remanded to the trial court to determine whether to allow plaintiff to amend its complaint or to dismiss the action.*

(No. 2021-1004—Submitted May 24, 2022—Decided October 11, 2022.)

APPEAL from the Court of Appeals for Ottawa County, No. OT-20-023, 2021-Ohio-2251.

_____

**DONNELLY, J.**

{¶ 1} In this civil suit against Ottawa County, an unchartered county, we are asked to determine the effect on the case, if any, of the plaintiff's having named

the county itself as the defendant in the complaint rather than the board of county commissioners. We hold that because it is unchartered, Ottawa County is not sui juris and therefore must be sued in the name of its board of commissioners. However, we believe it best to allow the trial court to address the impact of that determination on this case in the first instance. We therefore reverse the portion of the Sixth District Court of Appeals judgment addressing the sui juris issue and remand the case to the trial court for it to determine whether to allow an amendment of the complaint or to dismiss the case.

## PROCEDURAL HISTORY

**{¶ 2}** In June 2018, appellee, the estate of Jennings Fleenor, filed a cause of action in the Ottawa County Court of Common Pleas for negligence, wrongful death, and violation of a nursing-home-resident's rights against appellant, Ottawa County, which appellee named as "County of Ottawa d/b/a Ottawa County Riverview Nursing Home." Riverview Nursing Home ("Riverview") is owned and run by Ottawa County. The complaint does not name the Ottawa County Board of Commissioners as a defendant. Service was made on "County of Ottawa (Riverview Nursing Home)" and was accepted by K. German, the nursing-home administrator. Riverview's employees are employees of Ottawa County. *See* R.C. 305.16.

**{¶ 3}** Riverview, through counsel, answered, denying liability. The answer identified Riverview's attorneys as "Attorneys for Defendant County of Ottawa, d/b/a Ottawa County Riverview Nursing Home." As an affirmative defense, the county alleged, "The Defendant is not *sui juris*."[1]

**{¶ 4}** The parties proceeded through discovery, deposing lay and expert witnesses. German signed off on the answers to the interrogatories prepared by the law firm representing Riverview. On December 17, 2019, Riverview, through

---

1. "Sui juris" means "possessing full capacity and rights to sue or be sued." *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289, 863 N.E.2d 1092, ¶ 1 (4th Dist.).

counsel, moved to extend and continue the case-management dates. Included with the motion was a written endorsement in favor of the motion signed by the president of the Ottawa County Board of Commissioners along with a letter indicating that all three members of the Ottawa County Board of Commissioners had voted in favor of authorizing the president to endorse the motion.

{¶ 5} Riverview filed a motion for summary judgment on March 31, 2020, seeking judgment in its favor and dismissal of the case. One of its arguments was that the county could not be sued by naming "Ottawa County" as the defendant, because an unchartered county is not sui juris. Riverview alleged that the county may be sued only by naming its board of commissioners as the defendant. The estate filed a brief in opposition to the summary-judgment motion, attaching a copy of a 2015 collection action commenced by Riverview under the name "County of Ottawas [sic] d/b/a/ Ottawa County Riverview Nursing Home." Although the estate asserted in its brief that amending the complaint was not necessary, it nevertheless asked the court (in its brief, not in a separate motion) to allow it to amend its complaint under Civ.R. 15 to name the board of commissioners as the defendant.

{¶ 6} The trial court granted Riverview's motion for summary judgment on different grounds, without addressing the sui juris issue. The estate appealed to the Sixth District on issues unrelated to sui juris. In its appellate brief, Riverview advanced as an additional reason for affirming the trial court's judgment that Ottawa County is not sui juris, that the estate had never formally moved to amend the complaint, and that the estate's informal request to amend its complaint was "improper, untimely, and unfairly prejudicial."

{¶ 7} The court of appeals reversed the summary-judgment order of the trial court and rejected Riverside's sui juris argument. 2021-Ohio-2251, ¶ 70, 74. Riverside appealed to this court, and we accepted jurisdiction on one proposition of law: "Counties and their agencies and departments are not *sui juris*, and can only

be sued through the county board of commissioners." *See* 165 Ohio St.3d 1423, 2021-Ohio-3730, 175 N.E.3d 568.

## LEGAL ISSUES

{¶ 8} Ohio counties are political subdivisions of the state that facilitate the state's operations. *State ex rel. Alexander v. Summit Cty.*, 4 Ohio N.P. (N.S.) 481, 17 Ohio Dec. 451, 456, 1906 WL 810. A county "is not a public corporation as is a city or village, it is not vested with a single attribute of sovereignty, but is merely a territorial division of the state for purposes of political organization and civil administration in public affairs." *Id*. at 456-457. A county that "adopt[s] a charter or an alternative form of government" is transformed into "a body politic and corporate." R.C. 301.22. Such a county "is capable of suing and being sued." *Id*. A different rule applies to unchartered counties. R.C. 305.12 reads, "The board of county commissioners may sue and be sued * * * in any court." The parties agree that Ottawa County is not a chartered county but disagree on whether the improper caption in the complaint can cause the case to be dismissed now.

{¶ 9} Riverview asserts that this case must be dismissed because the Ottawa County Board of Commissioners, the proper defendant, was never made a party to the case. Not only did the estate improperly commence the action against an entity that is not sui juris, says Riverview, but it has never filed a motion to amend its complaint to correct that error. Riverview reasons that the statute of limitations has run, so the board of commissioners cannot now be called to answer the claims. Therefore, it argues, the case must be dismissed.

{¶ 10} The estate counters that the proper entity was served with the complaint and has defended against the suit throughout the litigation, so the county has suffered no prejudice. It adds that the Ottawa County Board of Commissioners has sued others under the name Ottawa County.

{¶ 11} Moreover, the estate notes that it did seek leave in the trial court to amend its complaint to name the Ottawa County Board of Commissioners as the

4

defendant. As noted above, it sought leave in its brief in response to Riverview's motion for summary judgment. It argues that the Civil Rules favor a liberal amendment policy, and it points to both Civ.R. 15(A), which says, "The court shall freely give leave [for a party to amend its pleading] when justice so requires" and to Civ.R. 15(B), which says that pleadings may be amended "even after judgment." The estate adds that under Civ.R. 15(C), such an amendment would relate back to the date of the original filing, negating any statute-of-limitations issues, because the board of commissioners has been actively defending the suit all along.

{¶ 12} The court of appeals erred by relying on federal trial-court cases and Ohio statutes addressing political-subdivision tort liability to support its holding that Ottawa County is sui juris, 2021-Ohio-2251 at ¶ 71-72. R.C. Chapter 2744, which addresses political-subdivision tort liability and immunity, does not grant a right to sue the government. *See Townsend v. Wisconsin Desert Horse Assn.*, 42 Wis.2d 414, 421, 167 N.W.2d 425 (1969). An unchartered county is merely "an arm * * * of the State without the capacity of being sued as a separate entity," *id*. at 424. Because suability and liability are not interchangeable concepts, the court of appeals' determination to the contrary was erroneous.

## CONCLUSION

{¶ 13} We hold that Ottawa County is not sui juris. R.C. 301.22 and 305.12 make that clear. We therefore reverse that portion of the judgment holding that the county is sui juris. However, because we believe it best to allow the trial court to address the impact of that determination on this case in the first instance, we remand the cause to the trial court for it to determine whether to allow an amendment of the complaint or to dismiss the action.

Judgment reversed in part

and cause remanded to the trial court.

O'CONNOR, C.J., and FISCHER, DEWINE, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Eadie Hill Trial Lawyers, William B. Eadie, and Michael A. Hill, for appellee.

Spengler Nathanson, P.L.L., Teresa L. Grigsby, and Jennifer A. McHugh, for appellant.

Mazanec, Raskin & Ryder Co., L.P.A., and Frank H. Scialdone, urging reversal for amicus curiae County Commissioners Association of Ohio.

Flowers & Grube, Melissa A. Ghrist, Paul W. Flowers, and Louis E. Grube, urging affirmance for amicus curiae Ohio Association for Justice.

_____