[Cite as *Wilder v. Muskingum Cty.*, 2023-Ohio-3224.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

HELEN WILDER, EXECUTOR OF : JUDGES:
THE ESTATE OF VIRGINIA R.
HELBLING, ET AL., :
:
: Hon. W. Scott Gwin, P.J.
Plaintiffs-Appellees : Hon. John W. Wise, J.
: Hon. Patricia A. Delaney, J.
-vs- :
: Case No. CT2022-0088
:
MUSKINGUM COUNTY :
:
:
Defendant-Appellant : O P I N I O N

CHARACTER OF PROCEEDING: Appeal from the Court of Common
Pleas, Case No. CH2022-0054

JUDGMENT: DISMISSED

DATE OF JUDGMENT ENTRY: September 11, 2023

APPEARANCES:

For Plaintiffs-Appellees: For Defendant-Appellant:

JOEL R. CAMPBELL ANGELICA M. JARMUSZ
NELSON E. GENSHAFT HELEN SUDHOFF
575 South Third Street, 7775 Walton Parkway, Suite 200
Columbus, Ohio 43215 New Albany, Ohio 43054

*Delaney, J.*

{¶1} Appellant-Defendant Muskingum County ("Muskingum County") appeals the November 23, 2022, judgment entry of the Muskingum County Common Pleas Court denying Muskingum County's Motion to Dismiss, pursuant to Civ. R. 12(B)(6).

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellees-Plaintiffs, the estate of Virginia Helbling, are the owners of 1.58 acres of real property located adjacent to 5901 Virginia Road, Nashport, Ohio in Muskingum County. On March 15, 2022, Appellees filed a complaint in the Muskingum County Court of Common Pleas against Muskingum County alleging negligence, continuing trespass, nuisance and quiet title.

{¶3} In response, Muskingum County filed a Motion to Dismiss, pursuant to Civ.R. 12(B)(6) on May 12, 2022, alleging the complaint failed to state a claim upon which relief could be granted, because statutory immunity under R.C. Chapter 2744 and the applicable statutes of limitations bar all claims. After briefing, the trial court issued a judgment entry on November 23, 2022, summarily denying the motion to dismiss.

{¶4} Muskingum County brings this interlocutory appeal because the trial court's November 23, 2022 journal entry denying Muskingum County's motion to dismiss effectively deprived Muskingum County of "the benefit of an alleged immunity from liability." R. C. 2744.02(C).

{¶5}    Muskingum County raises the following assignments of error:

**ASSIGNMENTS OF ERROR**

{¶6} "I. THE TRIAL COURT ERRED IN DENYING MUSKINGUM COUNTY, OHIO THE BENEFITS OF IMMUNITY BECAUSE A POLITICAL SUBDIVISION CANNOT BE LIABLE FOR INTENTIONAL TORTS."

{¶7} "II. THE TRIAL COURT ERRED IN DENYING MUSKINGUM COUNTY, OHIO THE BENEFITS OF IMMUNITY BECAUSE A POLITICAL SUBDIVISION CANNOT BE LIABLE FOR ITS ALLEGED NEGLIGENCE."

{¶8} "III. THE TRIAL COURT ERRED IN DENYING MUSKINGUM COUNTY, OHIO THE BENEFITS OF IMMUNITY BECAUSE PLAINTIFFS-APPELLEES ABANDONED CLAIMS."

**ANALYSIS**

{¶9} Before addressing Muskingum County's assignments of error, this Court will address the application of the recent decision by the Ohio Supreme Court in *Estate of Fleenor v. Ottawa Cty.*, 170 Ohio St.3d 38, 2022-3581, decided on October 11, 2022. In *Fleenor* at the syllabus, the Court held "[a]n unchartered county is not sui juris and therefore must be sued in the name of its board of commissioners." Sui juris means "possessing full capacity and rights to sue or be sued." *Id. at FN 1, citing Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289, 863 N.E.2d 1092, ¶ 1 (4th Dist.).

{¶10} The parties have raised the application of *Fleenor* to this appeal as it is undisputed the Appellees sued "Muskingum County", not its board of commissioners as the defendant and the parties agree that Muskingum County is an unchartered county. In

*Fleenor*, the Ohio Supreme Court found it best to allow the trial court to address the impact of its holding and remanded the cause to the trial court for it to determine whether to allow an amendment of the complaint or dismiss the action. As succinctly stated by the Court, "suability and liability are not interchangeable concepts", Id. at ¶12.

{¶11} In the interest of justice and judicial economy, this Court will likewise remand this matter to the trial court to proceed on Appellees' request to amend the complaint and name the Muskingum County Board of Commissioners as the defendant, as prescribed by the Court in *Fleenor*.

## CONCLUSION

{¶12} For the reasons stated in the foregoing opinion, the appeal from the decision of the Muskingum County Court of Common Pleas is dismissed and this matter is remanded for further proceeding.

By: Delaney, J.,

Gwin, P.J. and

Wise, J., concur.