[Cite as *Erie Cty. Dept. of Job & Family Servs. v. Ray*, 2025-Ohio-2327.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Erie County Department of Jobs
and Family Services

       Appellee

v.

Breanna Ray, et al.

       Appellants

Court of Appeals No.  E-24-037

Trial Court No.  2023CV0314


**DECISION AND JUDGMENT**

Decided:  July 1, 2025

* * * * *

Teresa Grigsby and Jennifer McHugh, for appellee.

Anthony Glase, for appellants.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellants, Breanna Ray and her minor child, C.R., appeal the May 16,

2024 order of the Erie County Common Pleas Court granting the motion of appellee, Erie

County Department of Jobs and Family Services, for judgment on the pleadings,

dismissing with prejudice all of appellants' claims against appellee, and dismissing the

action because no named defendants remained. For the following reasons, the trial court's judgment is affirmed in part and reversed in part.

## I. Background

{¶ 2} On August 4, 2023, appellants filed a complaint alleging that when C.R. was an infant, he was removed from Ray's care and placed in the temporary custody of appellee, who then placed C.R. into the home of a foster family. Appellants alleged that when C.R. was approximately five months old and residing in the foster family's home, he suffered a broken arm and wrist while under the supervision of an unapproved babysitter. Appellants asserted several tort claims against appellee in connection with C.R.'s injuries, including recklessness, negligence, bad faith, and negligent and intentional infliction of emotional distress. Appellants alleged, among other things, that appellee breached its duties by failing to investigate the cause of the injuries and by failing to investigate the foster family and the babysitter.

{¶ 3} In addition to their claims against appellee,[1] appellants asserted several tort claims against the foster family, who was described in the complaint as follows: "Defendant John Doe #1 is the foster family who had placement of C.R. and their identity and address are unknown." In addition, appellant asserted several tort claims against the babysitter, who was described in the complaint as follows: "Defendant Jane Doe #1 is the babysitter referenced to in this Complaint and the identity and address are unknown."

---

[1] Appellants also asserted claims against two other defendants, Firelands Regional Medical Center and University Hospitals, but appellants voluntarily dismissed their claims against those defendants on November 13, 2023.

2.

Although the trial court's docket reflects that the named defendants were successfully served with the summons and complaint via certified mail, the docket does not reflect that any form of service of the summons and complaint was ever attempted on either John Doe #1 or Jane Doe #1.

{¶ 4} Appellee filed an answer denying the claims and asserting several affirmative defenses, including that appellee was not sui juris.

{¶ 5} The parties engaged in written discovery over the next few months, and appellee served its responses to appellants' requests on January 26, 2024. Among the responses was the name, address, and phone number of the babysitter who was with C.R. at the time that he incurred his injuries. Appellee, however, objected to requests seeking the identity of the foster parents, contending that R.C. 5153.17(B) required appellee to keep that information confidential except in limited circumstances, none of which existed according to appellee.

### Motion for Judgment on the Pleadings

{¶ 6} On April 9, 2024, appellee moved for judgment on the pleadings pursuant to Civ.R. 12(C). Appellee presented two grounds in support of its motion: first, appellee was immune from appellants' claims under R.C. chapter 2744; and second, appellee was not sui juris. As to immunity, appellee argued that as a political subdivision, it was immune from tort liability under R.C. 2744.02(A)(1) and none of the five exceptions contained in R.C. 2744.02(B) applied.

{¶ 7} Next, as to sui juris, appellee cited several cases from Ohio federal courts holding that a county department of jobs and family services is not capable of being sued.

3.

One of those cases, *Jessee v. Erie Cty. Aud.*, 2023 WL 6290627 (N.D.Ohio Sept. 27, 2023), contained a finding that appellee was not sui juris.

{¶ 8} Appellants opposed appellee's motion for judgment on the pleadings. As to political subdivision liability, appellants contended that two different exceptions to immunity applied, R.C. 2744.02(B)(5) and R.C. 2744.03(A)(6)(b).

{¶ 9} Turning to sui juris, appellants argued that appellee was capable of being sued because appellee violated R.C. 2151.421. Appellants also argued that appellee had been actively participating in the case, and that appellee was also a necessary party because appellee had improperly refused to disclose the identity of the foster family. Finally, appellants argued that appellee was sui juris because of appellee's agency or employment relationship with the foster family.

{¶ 10} Appellee filed a reply brief in further support of its motion for judgment on the pleadings. Appellee contended that numerous Ohio courts have held that political subdivisions cannot be held liable under respondeat superior. Appellee further maintained that its capacity to be sued does not depend on whether appellee violated any statutes or appellee's active participation in the lawsuit. Instead, appellee asserted that its capacity to be sued solely depends on the existence of enabling legislation establishing that is vested with the statutory authority to be sued, and appellants were unable to point to any such legislation.

### Motion to Compel

{¶ 11} While appellee's motion for judgment on the pleadings was pending, appellants filed a motion to compel appellee to respond to its interrogatory requesting the

4.

identity of John Doe #1, the foster family. In their motion, appellants alleged that appellee had improperly failed to disclose the information despite appellants' good-faith attempts to obtain the information. Appellee opposed appellants' motion to compel, arguing that its objection to the interrogatory seeking the foster family's identity was substantially justified because R.C. 5153.17(B) and Admin. Code 5101:2-5-13 require appellee to keep the identity confidential, as appellee explained in its response to appellants' interrogatory.

### *Trial Court's Judgment*

{¶ 12} On May 16, 2024, the trial court granted appellee's motion for judgment on the pleadings and dismissed all of appellants' claims against appellee without specifically addressing the parties' arguments. That order also denied appellants' motion to compel as moot and dismissed appellants' complaint after noting that no claims remained against any named defendants. Appellants filed a timely appeal.

### II. Assignment of Error

{¶ 13} Appellants assert the following assignments of error:

1. The Trial Court erred in granting the Erie County Department of Job and Family Services Motion for Judgment on the Pleadings under Ohio Civ.R. 12(C).

2. The Trial Court erred when it sua sponte dismissed Plaintiffs' claims against the remaining Defendants.

3. The Trial Court erred when it [denied as moot] Plaintiffs' Motion to Compel because the items to be compelled were necessary for Plaintiffs' claims and were not moot.

### III. Law and Analysis

{¶ 14} Appellants' first and third assignments of error both concern appellee, and therefore these assignments of error will be addressed first. We will then address appellee's second assignment of error concerning the unnamed defendants.

### A. Motion for Judgment on the Pleadings

{¶ 15} In their first assignment of error, appellants contend that the trial court erred in granting appellee's motion for judgment on the pleadings. We review de novo a trial court's order granting a motion for judgment on the pleadings. *Mendoza v. Seger*, 2019-Ohio-4284, ¶ 11 (6th Dist.).

{¶ 16} Pursuant to Civ.R. 12(C), a party may move for judgment on the pleadings after the pleadings are closed. "In ruling on a Civ.R. 12(C) motion, a court may consider both the complaint and the answer, as well as any material attached as exhibits to those pleadings." *Valentine v. Hood,* 2023-Ohio-2250, ¶ 12 (6th Dist.). "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17.

{¶ 17} Here, appellants argue that the trial court erred in granting appellee's motion for judgment on the pleadings because appellee is sui juris and appellee is not entitled to immunity from appellants' claims. Because appellee must be capable of being

6.

sued before we can consider whether it is immune from appellants' claims, we will address whether appellee is sui juris first.

{¶ 18} Appellants maintain that appellee must be sui juris because appellants were forced to file suit against appellee. In support, appellants allege that they requested the identity of the foster family before filing suit and appellee improperly denied the request, which made appellee a necessary party to the suit. Appellants also argue that they may pursue claims against appellee because they have alleged that appellee was involved in a cover-up of C.R.'s abuse. Appellants cite no case law or other legal authority in support of either of these arguments.

{¶ 19} Finally, appellants' merit brief states, "[a]s for the remaining arguments related to sui juris the Appellants will rely on their Briefs previously filed with the trial court," citing "generally" their response to appellee's motion for judgment on the pleadings filed on April 23, 2024. Appellants claim that these arguments support that the trial court "erred by dismissing [a]ppellants' claims against [appellee] with prejudice and erred by not providing any opinion as this prohibited [a]pellants from amending [their] pleadings to add and/or substitute parties in accordance with the civil rules and [appellee] is [a] necessary party under R.C. 5153.17."[2] However, "[i]t is well-established that 'the Rules of Appellate Procedure do not permit parties to "incorporate by reference"

---

[2] Appellants' argument that the trial court erred by not permitting them to add or substitute parties relates to the dismissal of the entire action rather than the portion of the order granting appellee's motion for judgment on the pleadings, which concerned only the claims against appellee, so we have addressed this argument in conjunction with appellants' second assignment of error.

7.

arguments from other sources,'" including the parties' briefs filed in the trial court. *Simon v. Mitchell*, 2017-Ohio-671, ¶ 11 (6th Dist.), quoting *Ebbing v. Lawhorn*, 2012-Ohio-3200, ¶ 31 (12th Dist.). Instead, App.R. 16 requires parties to present their arguments within their appellate briefs with specific references to the trial court's record. Therefore, we do not consider any arguments that appellants made in its briefing in the trial court but did not articulate in this court.

{¶ 20} In response to the arguments in appellants' brief, appellee argues that under well-settled Ohio law, a county department of jobs and family services is not sui juris, citing in support several federal decisions. *See, e.g., Wilson v. Trumbull Cty. Dept. of Job & Family Servs.*, 2013 WL 5820276, *3-4 (N.D.Ohio Oct. 9, 2013); *Loper v. Cuyahoga Cty. Children & Family Servs.*, 2019 WL 1597552, *3 (N.D.Ohio Apr. 15, 2019). Appellees point in particular to *Jessee v. Erie Cty. Aud.*, 2023 WL 6290627, in which an Ohio federal court held that appellee specifically is not sui juris. Further, appellee points out that in its answer to appellants' complaint, filed on September 7, 2023, appellee asserted as an affirmative defense that it was not sui juris, so appellants were on notice that appellee was not the appropriate party for at least eight months before the trial court dismissed the complaint and yet appellants never took any steps to amend their complaint or substitute parties during that eight-month period.

{¶ 21} In addition, appellee disputes that it is a necessary party simply because appellants need to obtain the foster parents' identity. Appellee points out that appellants had other means to obtain the foster family's identity, including naming other parties as defendants, such as the Board of County Commissioners or appellee's executive director

8.

in her official capacity, or filing a mandamus action against the commissioners or the director. Appellee further posits that the term "necessary party" is defined by Civ.R. 19(A) as a party that must be named in a suit for a judgment to afford complete relief, and whether a party is "necessary" is not relevant in determining whether the party is sui juris.

{¶ 22} "'Sui juris' means 'possessing full capacity and rights to sue or be sued.'" *Estate of Fleenor v. Ottawa Cnty.*, 2022-Ohio-3581, fn.1, quoting *Mollette v. Portsmouth City Council*, 2006-Ohio-6289, ¶ 1 (4th Dist.). Claims brought against an entity that is not sui juris must be dismissed. *See Page v. Geauga Cty. Prob. & Juvenile Court*, 2023-Ohio-2491, ¶ 3.

{¶ 23} Although Ohio counties are political subdivisions of the state, an unchartered county is not capable of suing or being sued. *Fleenor* at ¶ 8. Instead, "the board of county commissioners may sue and be sued." *Id.*, quoting R.C. 305.12. Moreover, "[a] department of a city, township, or county typically is not capable of being sued in its own right." *Johnson v. Clark Cty. Util. Dept.*, 2014-Ohio-3356, fn. 2 (2nd Dist.); *see also Askew v. Summit Cty.*, 2024-Ohio-2151, ¶ 10 (9th Dist.).

{¶ 24} Appellee is a department of Erie County, an unchartered county, and therefore it is not sui juris. *Jessee*, 2023 WL 6290627 at *2. Appellants' arguments contending appellee is sui juris conflate distinct legal concepts. First, even if we construe as true the allegations in the complaint regarding appellee's role in C.R.'s injuries, appellee remains incapable of being sued. *See Fleenor* at ¶ 12 (explaining that "suability and liability are not interchangeable concepts"). Instead, as appellee points out, the

9.

appropriate party to sue for appellee's alleged conduct is the Erie County Board of Commissioners. *See id*. at ¶ 1. Moreover, an entity cannot be necessary to a suit if it is not capable of being sued. *See Maser v. City of Canton*, 1977 WL 201008, *4 (5th Dist. Jan. 1, 1977) (explaining that although individual members of a city council may have been necessary parties to the action, the council itself was not sui juris).

{¶ 25} Having concluded that appellee is not sui juris, we need not address political subdivision immunity. *See Fleenor*, 2022-Ohio-3581, at ¶ 12. Because appellee is not sui juris, appellants' claims against appellee must be dismissed as a matter of law. The trial court, therefore, did not err in granting appellee's motion for judgment on the pleadings, and appellants' first assignment of error is not well-taken.

## B. Motion to Compel

{¶ 26} In their third assignment of error, appellants challenge the portion of the trial court's judgment concluding that their motion to compel appellee was moot. Their motion to compel concerned an interrogatory served on appellee that requested the identity of the foster family.

{¶ 27} Interrogatories, however, may only be issued to parties. Civ.R. 33. Because the trial court properly granted appellee's motion for judgment on the pleadings, appellee is not a party to the action and any issues relating to appellee's responses to interrogatories are now moot. *See Sabitov v. Graines*, 2008-Ohio-3795, fn. 7 (8th Dist.) (explaining that an issue relating to a party's responses to interrogatories was rendered moot once that party was properly dismissed). Accordingly, the trial court did not err in

10.

denying appellants' motion to compel as moot, and appellants' third assignment of error is not well-taken.

## C. Dismissal of Claims against Unnamed Defendants

{¶ 28} Appellants' second assignment of error alleges that the trial court abused its discretion in sua sponte dismissing the entire action when appellants' claims against the unnamed defendants, John Doe #1 and Jane Doe #1, were still pending. Appellants also argue that the court's dismissal prevented them from amending their complaint to add or substitute parties following its decision to grant appellee's motion for judgment on the pleadings.

{¶ 29} Civ.R. 3(A) provides as follows:

> A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).

Civ.R. 15 provides mechanisms by which a plaintiff may amend a complaint, including to correct a misidentified party or to substitute the name of a defendant who was previously identified by a fictitious name.

{¶ 30} If a plaintiff has complied with the applicable requirements of Civ.R. 15(D), then a trial court prematurely dismisses an action if the one-year period specified in Civ.R. 3(A) has not yet expired. *See Erwin v. Bryan*, 2010-Ohio-2202, ¶ 25 (explaining that "a plaintiff may benefit from the one-year period allowed in Civ.R. 3(A) to perfect personal service upon the fictitiously named defendant if the plaintiff has otherwise complied with Civ.R. 15(D) in filing the complaint") (Emphasis deleted.);

11.

*Mollette v. Portsmouth City Council*, 2008-Ohio-6342, ¶ 49 (4th Dist.) (noting that if the appellants "had sought leave to amend their complaint to add the proper parties prior to the expiration of the one-year period" in Civ.R. 3(A), their complaint may not have been dismissed); *Helf v. John Doe Employees*, 1997 WL 767469, *2 (8th Dist. Dec. 11, 1997) (holding that the trial court erred in prematurely dismissing appellant's complaint less than six months after it was filed, "leaving appellant without an opportunity to amend his complaint once the names of his previously unnamed defendants became known"). Likewise, a party who has only named a defendant without the capacity to be sued may "file a motion for leave to amend, and then, within the one-year commencement period set forth in Civ.R. 3(A), [] file an amended complaint naming the [appropriate sui juris entity])." *Estate of Fleenor v. Cty. Of Ottawa*, 2024-Ohio-112, ¶ 15 (6th Dist.).

{¶ 31} Here, appellants filed their complaint on August 4, 2023, so the one-year period provided in Civ.R. 3(A) expired on August 4, 2024. The trial court issued its judgment dismissing the action on May 16, 2024, when 80 days of that period remained. Accordingly, when the trial court issued its judgment, less than one year had elapsed since appellants filed their complaint, and the trial court's judgment dismissing the entire action was premature. This conclusion is heightened by the failure of the trial court to articulate a specific basis to explain its dismissal of the entire action. Accordingly, appellants' second assignment of error is well-taken.

## IV. Conclusion

{¶ 32} For the foregoing reasons, the judgment of the Erie County Common Pleas Court is affirmed in part and reversed in part. Based on the Ohio Supreme Court's

directive in *Fleenor*, the portion of the trial court's judgment dismissing the action is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion. *Fleenor*, 2022-Ohio-3581 at, ¶ 13. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, J. | |
| --- | --- |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

13.