[Cite as *Banks v. Leading Families Home, Inc.*, 2025-Ohio-4493.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Lisa Banks

Appellant

v.

Leading Families Home, Inc.

Appellee

Court of Appeals No. L-24-1133

Trial Court No. CI0202401276

**DECISION AND JUDGMENT**

Decided: September 26, 2025

* * * * *

Richard Kerger, for appellant.

David R. Hudson, Taylor C. Knight, and
Jorden R. Messmer, for appellee.

* * * * *

**OSOWIK, J.**

*Procedural History*

{¶ 1} On January 29, 2024, appellant Lisa Banks filed a complaint in the Lucas

County Court of Common Pleas against appellee Leading Families Home, Inc. (LFH). In

her complaint, Banks indicated that she began her employment with LFH on May 18,

2020. She further claimed that in September of 2020, she took over "running" LFH after

the Executive Director was forced to resign. In February of 2021, she was offered and accepted the position as Executive Director of the organization.

{¶ 2} Banks further alleged that, as a result of the conduct of LFH, she was forced to resign her employment on August 21, 2023.

{¶ 3} In her complaint, Banks set forth two claims for relief. Her first claim was that the actions of LFH constituted racial discrimination. Her second claim alleged that the conduct of LFH constituted a breach of her employment contract.

{¶ 4} On April 1, 2024, LFH filed an answer which set out general denials to each of the allegations contained within the complaint. Simultaneously, LFH filed a Motion for Judgment on the Pleadings, asking for dismissal of the complaint, pursuant to Civ.R. 12(C). Banks responded to the motion. LFH submitted a Reply.

{¶ 5} On May 22, 2024, the trial court granted the Motion for Judgment on Pleadings and dismissed the complaint with prejudice and without opinion. Appellant appeals from that judgment.

### *Assignment of Error*

THE SOLE ASSIGNMENT OF ERROR IS THAT THE COURT FAILED TO PROPERLY DECIDE THE CASE IN ITS DISMISSAL. IT MADE NO FINDINGS SETTING FORTH THE BASIS OF ITS DECISION.

2.

## Findings of Fact and Conclusions of Law

{¶ 6} At the outset, we address appellant's argument concerning the lack of factual findings or legal conclusions. The issue before the trial court was appellee's motion for judgment on the pleadings under Civ.R. 12(C).

{¶ 7} Civ.R. 52 states, in relevant part:

Findings of fact and conclusions of law required by this rule and by Civ.R. 41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to Civ.R. 12, Civ.R. 55 and Civ.R. 56.

{¶ 8} Furthermore, appellant did not make a request for findings of fact and conclusions of law before the trial court. In either event, in accordance with Civ.R. 52, such findings and conclusions are unnecessary on motions made pursuant to Civ.R. 12. *Thomas v. Butcher*, 1989 WL 95481, *1 (6th Dist. Aug. 18, 1989) Accordingly, appellant's argument that this court reverse and remand for findings of fact and conclusions of law is unfounded and not well-taken.

## Motion for Judgment on the Pleadings

{¶ 9} Appellant argues that the trial court incorrectly granted appellee's motion for judgment on the pleadings. She claims that she set fort sufficient facts to satisfy her claim of constructive discharge and breach of her employment contract.

{¶ 10} A motion for judgment on the pleadings is governed by Civ.R. 12(C).  In ruling on a Civ.R. 12(C) motion, a court may consider both the complaint and the answer, as well as any material attached as exhibits to those pleadings. *Valentine v. Hood*, 2023-

3.

Ohio-2250, ¶ 12 (6th Dist.). In this case, discovery had not commenced and the pleadings contained no exhibits.

{¶ 11} Dismissal is appropriate under Civ.R. 12(C) when: "'(1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief.'" *Katakis v. Hahn,* 2024-Ohio-1210, ¶ 6 (6th Dist.), quoting *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17.

{¶ 12} We review de novo a trial court's order granting a motion for judgment on the pleadings. *Erie Cty. Dept. of Jobs & Family Services v. Ray,* 2025-Ohio-2327, ¶ 15 (6th Dist.).

{¶ 13} Pursuant to the Ohio Rules of Civil Procedure, a complaint need only contain a short and plain statement of the claim showing that the party is entitled to relief. Civ.R. 8(A)(1).

{¶ 14} The question we are to resolve in this appeal is not whether Banks could ultimately prove her claims against LFH. As Civ.R. 8 clearly establishes that Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity. *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 29.

{¶ 15} "'In order to grant such a motion, it must appear, considering all the averments of the pleadings, that simply a question of law is presented. If an issue of fact, or a direct issue joined on any single material proposition is made, requiring the

4.

introduction of testimony by the moving party to sustain such issue, the motion will be denied.'" (Emphasis removed.) *Wilhelms v. ProMedica Health Sys., Inc.,* 2023-Ohio-143, ¶ 13 (6th Dist.), *appeal not allowed,* 2023-Ohio-1507, quoting *Wainscott v. Young*, 74 Ohio App. 463, 464, (1st Dist. 1944).

{¶ 16} According to the allegations of the complaint, the claims of racial discrimination and breach of her employment contract arise out of the same conduct of LFH.

{¶ 17} Banks alleges in her complaint that the conditions of her employment forced her to resign. Banks generally claims that she had been hired to "change the direction" of LFH and various staff members objected to the procedures that Banks initiated. She further asserts that "one or more of her subordinates undertook direct secret communication with some members of the Board in an effort to undermine Ms. Banks."

{¶ 18} Banks asserted that LFH encountered serious funding issues and that several Board members "were having regular communications about the same problems and coming up with their own solutions which they did not disclose to Ms. Banks." She alleged in her complaint that these actions by staff and Board members somehow had her authority as Executive Director "diverted behind her back." She claimed the Board members were aware of the "potential harm" to Ms. Banks but did nothing to curtail "those communications."

5.

{¶ 19} Banks also claimed that the extensive nature of these communications were intentionally done to isolate her. She also alleged that the Board "cut of communication between Plaintiff and her staff by baring her access to certain electronic communication." Banks also alleged that "her race was viewed by certain people dealing with her as something they could not accept." Additionally, Banks claimed that she was "chastised by the Executive Committee because she forwarded a communication from a third-party to the Board" despite the Board engaging in the same conduct.

{¶ 20} Finally, Banks claims that LFH went so far as to "suggest that Plaintiff had taken improper financial advances."

{¶ 21} Banks claims that as a result of the enumerated conduct of LFH, she was forced to resign her position.

{¶ 22} Appellee LFH argues that Banks failed to allege any facts that would support a claim of discrimination so intolerable that a reasonable person would feel compelled to resign, citing *Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578, 588 (1996).

{¶ 23} The court in *Mauzy* was confronted with the review of a motion for summary judgment as opposed to a Civ.R. 12( C) motion to dismiss. It held that an objective test should be applied in determining when an employee was constructively discharged. *Id.* at 588-589.

{¶ 24} The Ohio Supreme Court in *Mauzy* further explained:

> In applying this test, courts seek to determine whether the
> cumulative effect of the employer's actions would make a reasonable
> person believe that termination was imminent. They recognize that

6.

there is no sound reason to compel an employee to struggle with the inevitable simply to attain the "discharge" label. No single factor is determinative. Instead, a myriad of factors are considered, including reductions in sales territory, poor performance evaluations, criticism in front of coemployees, inquiries about retirement intentions, and expressions of preference for employees outside the protected group.

*Id*. at 589.

{¶ 25} Turning to the complaint in this case, many of the allegations contained therein do not in and of themselves allege facts that could plausibly make a case for constructive discharge. The right to relief shown in the complaint must be more than speculative. *See Gallo v. Westfield Natl. Ins. Co*., 2009–Ohio–1094, ¶ 9 (8th Dist.). Bald legal conclusions do not constitute a well-pled complaint. *Id*.

{¶ 26} Nevertheless, in reviewing the cumulative effect of the claimed allegations of the complaint, particularly in light of the allegations of paragraph 19 of the complaint, wherein it is alleged that the Board cut off communication by "baring her access to certain electronic communication," Banks has set forth facts that demonstrate her plausible entitlement to relief with respect to both of her constructive discharge and breach of her employment contract claims. *See Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, ¶ 9 (8th Dist.).

<em>The Contract Claim</em>

{¶ 27} After incorporating the allegations of the complaint, appellant stated a "SECOND CLAIM FOR RELIEF: 23. The conduct of Defendant constituted a breach of

7.

the contract of employment which existed between Plaintiff and Defendant, causing her to lose income and benefits."

{¶ 28} Ohio is a notice pleading state. *Ohio Neighborhood Preservation Assn. v. Alaura*, 2023-Ohio-1281, ¶ 10 (10th Dist.). "The purpose of a notice pleading standard is to provide defendants with 'fair notice of the nature of the action.'" *Id.*, quoting *Boyland v. Giant Eagle*, 2017-Ohio-7335, ¶ 16 (10th Dist.).

{¶ 29} Unlike Ohio, federal courts use a heightened pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under the federal pleading standard, "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), quoting *Twombly* at 555, 570; *see Tobin v. InterLinc Mtge. Services*, LLC, 2025 WL 1207775, *3 (W.D.Ky. Apr. 25, 2025), fn. 2.

{¶ 30} The Supreme Court of Ohio has expressly refused to adopt the heightened federal pleading standard. *See State ex rel. Ware v. Booth*, 2024-Ohio-2102, ¶ 5, fn. 1, citing *Maternal Grandmother v. Hamilton Cnty. Dept. of Job & Family Services*, 2021-Ohio-4096, ¶ 228 (DeWine, J., concurring).

{¶ 31} Accordingly, Ohio's notice pleading standard does not require that the claim have facial plausibility. *S&T Bank, Inc. v. Advance Merchant Services, LLC*, 2024-Ohio-4757, ¶ 55 (1st Dist.). Thus, in this case, appellee was placed on notice that appellant was asserting claims under a contract of employment.

8.

{¶ 32} Before the trial court, appellee specifically moved for dismissal under Civ.R. 10., quoting *Spit Shine A One Detailer, L.L.C. v. Rick Case Hyundai*, 2017-Ohio-8888, ¶5 (8th Dist.) ("'Parties who do not have a copy of the contract sued upon are permitted to explain their failure to attach a copy of the contract sued upon to their complaint pursuant to Civ R. 10(d).'").

{¶ 33} However, the court in *Spit Shine* held, "a motion to dismiss is not the proper avenue for challenging the failure to attach a written instrument to a complaint. Civ.R. 12(E) is available in such an instance to request a more definite statement." (Citations omitted.) *Id*. at ¶ 11.

{¶ 34} Furthermore, as *Spit Shine* noted, a complaint should not be dismissed for a failure to attach a written instrument pursuant to Civ.R. 10(D). *Id*. at ¶ 12, citing *QualChoice, Inc. v. John Doe Ins. Co.,* 2009-Ohio-351, ¶ 5-6 (8th Dist.) and *McCamon–Hunt Ins. Agency, Inc. v. Med. Mut. of Ohio*, 2003-Ohio-1221 ¶ 1 (7th Dist.) ("The failure to provide that document is a violation of Civ.R. 10(D), however, it is not a basis for relief under Civ.R. 12(B)(6).") and *Natl. Check Bur. v. Buerger*, 2006-Ohio-6673, ¶ 12 (9th Dist.).

{¶ 35} A motion for a more definite statement under Civ.R. 12(E) is the appropriate means to address such an issue. *Id.*, citing *Castle Hill Holdings, LLC v. Al Hut., Inc.,* 2006-Ohio-1353, ¶ 26-27, citing *Point Rental Co. v. Posani*, 52 Ohio App.2d 183, 186 (10th Dist.1976). "Where that results in noncompliance with the court's order

9.

by failure to attach the document or explain why it was not attached, the court could possibly dismiss the case pursuant to Civ.R. 41 as a sanction." *Id.*, citing *Buerger* at ¶ 14.

{¶ 36} The record establishes that Appellee did not file a motion for a more definite statement. In this case, no discovery has been conducted, other than the plaintiff-appellant filing a "First Request for Production of Documents to Defendant."

{¶ 37} As previously noted, dismissal is appropriate under Civ.R. 12(C) when: (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations, and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *Ray,* 2025-Ohio-2327, at ¶ 16 (6th Dist.), citing *Reister*, 2020-Ohio-5484, at ¶ 17.

{¶ 38} Appellee, in its answer to the complaint, set forth general denials of the allegations of the complaint. These general denials do not plead any specificity with respect to the existence or lack of a contract. It would not be proper for this court to dismiss the claim for contract damages based upon a general denial, notwithstanding how inartful the complaint may be. To conclude otherwise, we would have to construe the general denials as true, and in favor of the moving party, contrary to Civ.R. 12. Given the appellant's response both at the trial level and in arguments before this court, it would be reasonable to make the assumption that there is, in fact, no contract and that this relationship was an at-will employment. However, we cannot make such an assumption at the pleading stage in the case.

10.

**{¶ 39}** Unlike the facts of *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100 (1985), we are not reviewing a motion for summary judgment but a motion to dismiss on the pleadings. Thus, at this stage of the litigation, we must accept as true appellant's factual allegations concerning the existence of a contract of employment. *See Short v. Ohio Dept. of Job & Fam. Services*, 2025-Ohio-2604, ¶ 32 (10th Dist.); *Reister* at ¶ 17; *Ashcroft*, 556 U.S. at 678.

**{¶ 40}** A plaintiff is not required to prove his or her case at the pleading stage. Oftentimes, "the evidence is not obtained until the plaintiff is able to discover materials in the defendant's possession. . . . Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Sacksteder v. Senney*, 2012-Ohio-4452, ¶ 50 (2d Dist.), quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). Appellant has a long and perhaps winding road to establish her claims, but dismissal at this stage of the pleadings is premature.

<u>Conclusion</u>

**{¶ 41}** Having reviewed the pleadings, we find that while Banks will ultimately have to present evidence on her claims against LFH, her complaint has set forth a plausible set of facts to survive a motion for judgment on the pleadings under Civ.R.12( C). Therefore, we find the appellant's sole assignment of error to be well-taken. The judgment of the Lucas County Court of Common Pleas is reversed.

11.

{¶ 42} Pursuant to App.R. 24, appellee LFH is hereby ordered to pay the costs incurred on appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

_____
JUDGE

Gene A. Zmuda, J. _____

_____
JUDGE

Myron C. Duhart, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.