[Cite as *State ex rel. Kenjoh Outdoor Advertising, L.L.C. v. Eastlake*, 2026-Ohio-1917.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO ex rel.
KENJOH OUTDOOR ADVERTISING,
L.L.C.,

        Relator,

    - vs -

CITY OF EASTLAKE, et al.,

        Respondents.

**CASE NO. 2025-L-144**

Original Action for Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: May 26, 2026
Judgment: Petition dismissed

---

*Mark S. Fusco* and *Jordan N. Elliot*, Walter Haverfield, L.L.P., 1500 West 3rd Street, Suite 300, Cleveland, OH 44113 (For Relator).

*Joseph R. Klammer*, The Klammer Law Office, Ltd., The Historic Mentor Center Street School, 7482 Center Street, Unit 6, Mentor, OH 44060 (For Respondents).

PER CURIAM.

{¶1} On December 9, 2025, Relator, Kenjoh Outdoor Advertising, L.L.C. ("Kenjoh"), filed a Verified Petition for Writ of Mandamus, naming as Respondents the City of Eastlake ("the City") and the City of Eastlake Building Department ("the Building Department"). Respondents Filed an Answer to Complaint on December 17, 2025. This matter is now decisional on Respondents' December 17, 2025 Motion to Dismiss and Kenjoh's January 6, 2026 Brief in Opposition.

{¶2} Respondents' motion to dismiss is appropriately considered a motion for judgment on the pleadings under Civ.R. 12(C), as it was filed after the pleadings had closed. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569 (1996). A Civ.R. 12(C) motion permits consideration of the complaint (or petition) and answer, and it is used specifically for resolving questions of law. *Id*. at 569-570. "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 570. "Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *Id.*

{¶3} Kenjoh's petition includes the following factual allegations:

4. On September 17, 2025, Kenjoh submitted a complete and compliant Conditional Use Permit Application ("Application") to the Building Department of the City of Eastlake to obtain permission to build a billboard.

5. Kenjoh's Application was received and signed by the City of Eastlake on September 17, 2025.

6. Respondent was required to review and vote on Kenjoh's Application pursuant to City of Eastlake regulations in effect on September 17, 2025.

7. On September 23, 2025, Respondent passed legislation declaring a moratorium on the issuance of any permits regarding new billboards in the City of Eastlake.

8. Respondent refused to review and vote on Kenjoh's Application because of the moratorium on billboards, despite the fact that the Application was submitted prior to the moratorium.

9. The City of Eastlake returned the Application to Kenjoh on September 24, 2025.

10. Respondents were legally obligated to review the Application and grant or deny it pursuant to the rules and regulations that existed at the time of Kenjoh's Application on September 17, 2025.

11. Respondent's failure to review the Application under the regulations in place on September 17, 2025 constitutes a violation of Kenjoh's rights under the Ohio Constitution.

12. There is no plain and adequate remedy in the ordinary course of law and Relator has a clear legal right to a writ of mandamus to compel the processing of the Application.

{¶4} In their answer, Respondents admit that on September 17, 2025, Kenjoh submitted the Application to the Building Department to obtain permission to build a billboard; the Application was received on September 17, 2025; on September 23, 2025, legislation was passed declaring a moratorium on the issuance of any permits regarding new billboards in the City; the Application and fee were returned to Kenjoh. Respondents deny that they were legally obligated to review the Application and grant or deny it pursuant to the City's regulations in effect on September 17, 2025, despite the fact that it was submitted prior to the moratorium.

{¶5} Kenjoh seeks a writ of mandamus, pursuant to Article IV, Section 3(B)(1)(b) of the Ohio Constitution and R.C. 2731.02, ordering the City to accept the Application and allow it to proceed through the regular administrative permit process applying the rules and regulations that were in place on September 17, 2025, the date the Application was submitted. Respondents assert multiple affirmative defenses, including failure to state a claim upon which relief may be granted and failure to join a necessary party, and submit that the petition must be dismissed with prejudice.

{¶6} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law

Case No. 2025-L-144

specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Sands v. Court of Common Pleas Judge*, 2018-Ohio-4245, ¶ 7. "[M]andamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases." *State ex rel. McGrath v. Calabrese*, 2011-Ohio-4833, ¶ 5.

{¶7} In their Motion to Dismiss, Respondents contend they are entitled to judgment on the pleadings because the complaint fails to allege any facts that establish a vested legal right and fails to name a respondent with a legal duty to act on the mandamus demand. We address the latter argument first, as it is dispositive.

{¶8} In its Brief in Opposition, Kenjoh explains that mandamus is necessary because, by refusing to accept the Application, there was no denial of the Application; and without a denial of the Application, Kenjoh contends it has been deprived of the ability to submit an administrative appeal. In support, Kenjoh cites Section 1161.02 of the City of Eastlake Codified Ordinances. Pursuant to Eastlake Cod.Ord. 1161.02(d), "Any person, firm or corporation owning land who desires a conditional use permit, shall file with the Building Administrator written application therefore on the forms provided. . . . The Building Administrator shall then present the application to the Planning Commission. Upon an application being received by the Commission, the Commission shall set a date and the time and place for a public hearing." According to Eastlake Cod.Ord. 135.07,

Case No. 2025-L-144

"Any reference to Building Administrator . . . in any section of the ordinances of the City is hereby meant to be the Chief Building Official."

{¶9} The City as an entity cannot personally perform the act of presenting the Application to the Planning Commission for a public hearing. That ministerial function belongs to the Building Administrator (or the Chief Building Official). Naming the City as a respondent may not have been fatal to Kenjoh's petition, had it also named the Building Administrator as a respondent. *See, e.g., State ex rel. Lipson v. Hunter*, 8 Ohio App.2d 202 (1st Dist. 1964) (mandamus proceeding to compel the city *and* its building commissioner to issue a building permit); *State ex rel. Dynamic Indus., Inc. v. Cincinnati*, 147 Ohio St.3d 422 (2016) (mandamus proceeding to compel the city, the manager of its department of planning and buildings, and the head of its historic conservation office to issue a demolition permit). Kenjoh instead named the Building Department, which is not a proper respondent in this mandamus action.

{¶10} As a department within the political subdivision of the City, the Building Department is not sui juris and, absent express statutory authority, can neither sue nor be sued as a separate entity. *See, e.g., Erie Cty. Dept. of Jobs & Family Serv. v. Ray*, 2025-Ohio-2327, ¶ 23 (6th Dist.), quoting *Johnson v. Clark Cty. Util. Dept.*, 2014-Ohio-3356, ¶ 9, fn. 2 (2d Dist.) ("'[a] department of a city, township, or county typically is not capable of being sued in its own right'") and citing *Askew v. Summit County*, 2024-Ohio-2151, ¶ 10 (9th Dist.) ("'Summit County Fiscal Office' is a department within the political subdivision of Summit County. Ohio courts have held suing a non sui juris department of a political subdivision is a misidentification of the political subdivision.") (collecting cases); *see also Steigerwald v. Berea*, 2024-Ohio-2260, ¶ 4, fn. 2 (8th Dist.), quoting *Friga v. E.*

Case No. 2025-L-144

*Cleveland*, 2007-Ohio-1716, ¶ 9, fn. 3 (8th Dist.) ("A department of a city 'is not sui juris and cannot be sued as a separate entity. It is subsumed within any judgment relating to the city.'"). "Moreover, an entity cannot be necessary to a suit if it is not capable of being sued." *Ray* at ¶ 24, citing *Maser v. Canton*, 1977 WL 201008, *4 (5th Dist. Jan. 1, 1977) (explaining that although individual members of a city council may have been necessary parties to the action, the council itself was not sui juris).

{¶11} In summary, the City cannot present the Application to the Planning Commission as commanded under Eastlake Cod.Ord. 1161.02(d); Kenjoh did not sue the Building Administrator, the office charged with performing this function; and the Building Department is not sui juris. Accordingly, Kenjoh's petition must be dismissed as a matter of law. *See, e.g., Patterson v. V&M Auto Body*, 63 Ohio St.3d 573, 574-576 (1992) (where a defendant is not a legal entity with the capacity to be sued, any judgment rendered against that entity would be void).

{¶12} We grant respondents' Motion to Dismiss, construed as a Civ.R. 12(C) motion for judgment on the pleadings, and dismiss Kenjoh's Verified Petition for a Writ of Mandamus.

{¶13} Petition dismissed.


MATT LYNCH, P.J., ROBERT J. PATTON, J., SCOTT LYNCH, J., concur.

Case No. 2025-L-144

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, respondents' "motion to dismiss" is granted, and relator's petition is dismissed.

Relator's "motion to strike respondents' reply to relator's brief in opposition" is overruled.

Costs to be taxed against relator.

_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE ROBERT J. PATTON,
concurs


_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-144